The plaintiff brought this suit to recover damages in the total sum of $2,536 on account of an injury to the thumb and fingers of his right hand. The defendant Dunbar operates taxicabs in the City of Baton Rouge. The defendant Willie Moe (Moore) was the driver of one of these taxicabs. Plaintiff sustained the injury which he complains of when he attempted to get into a taxicab operated by said driver on November 22, 1945, at the corner of North 33rd and North Streets near the eastern limits of the City of Baton Rouge. He opened the rear right door of the taxicab with his left hand and caught hold of the frame or post between the rear and front doors, whereupon a passenger getting into the front seat slammed the front door on his right hand.
Plaintiff bases his action on the alleged negligence of the taxicab driver in his failure to open the door for plaintiff; in slamming or permitting the front door to be slammed on plaintiff's right hand while he was attempting to get into the back seat of the taxicab; in stopping the taxicab out in the street, making it necessary for plaintiff to step over a puddle of water in getting into the taxicab, and in failing to observe petitioner as he was getting into the taxicab.
The defendants admit the operation of the taxicab, but deny that the driver slammed the door on plaintiff's hand, and alleged that the door was slammed by a passenger who had just gotten into the front seat, and as an alternative plea, allege that plaintiff was guilty of contributory negligence in placing his hand on the door post of the cab where it would be caught when the front door was closed.
The trial judge dismissed plaintiff's suit, and he has appealed.
Only three witnesses testified as to the actual happening of the accident; viz., plaintiff himself, the taxicab driver, Willie Moe (Moore), and the passenger Davis who got into the taxicab at the time plaintiff was hurt. The substance of plaintiff's testimony is that he was standing at the corner of the above mentioned streets waiting for a bus; that another man was standing near him whom he did not know, but who later proved to be the passenger Davis. When the cab drove up going west on North Street, Davis hailed the driver and the cab came to a stop out in the street a few feet from where they were standing; that the front door was opened and Davis entered the front seat, and plaintiff, following immediately behind Davis, asked the driver if he could ride to town, whereupon the driver replied: "Sure, its a taxicab, Hurry up; the bus has got to turn in here." After this conversation, plaintiff states he caught hold of the post of the cab door with his right hand to step across a puddle of mud between him and the taxicab and caught hold of the rear door with his left hand in order to get into the back seat; *Page 358 
that the front door was immediately slammed on his hand, severely mashing the thumb of his right hand and injuring his fingers. He got into the back seat of the taxicab, paid his fare and rode to town, during which time his hand bled profusely and caused him a great deal of pain. He later had his hand treated by a doctor, and was incapacitated from work for some two months.
The plaintiff was not certain as to whether the passenger Davis or the taxicab driver closed the front door on his hand. His contention is, however, that regardless of who slammed the door and injured his hand, the driver was negligent in not taking greater precaution to see that he entered the taxicab in safety.
The taxicab driver and the passenger Davis testified along the same lines. Their testimony is to the effect that the taxicab stopped to pick up Davis, and the driver opened the front door for him to enter the taxicab, whereupon Davis entered the front seat and closed the door just as he got in; that neither of them saw plaintiff or knew that he was attempting to get into the taxicab until he hollered when the front door was slammed against his hand. Neither of them heard plaintiff ask the driver if he could ride to town before he opened the door, but they state that he asked the driver about riding to town after his hand was injured.
The defendants contend that they are not liable to plaintiff for three principal reasons: first, because he was not a passenger at the time he was injured, as he had not up to that time indicated to the driver his intention of boarding the taxicab; second, if he was a passenger, no negligence on the part of the cab driver is shown; and third, if there was any negligence on the part of the cab driver, the plaintiff was guilty of such contributory negligence as to bar his recovery in placing his hand in the front door of the cab when he knew or should have known that the door would be closed.
On the first point, regardless of whether or not the plaintiff indicated to the driver that he wished to ride to town before attempting to enter the cab, it remains a fact that the cab stopped to pick up a passenger, and plaintiff approached the cab with the intention of riding as a passenger, and he was accepted as a passenger, paid his fare and was carried to his destination. He was injured when he was in the act of getting in the taxicab, a public conveyance, and was attempting to board the conveyance at a place where the cab had stopped to pick up another passenger.
[1] On the second point, we think the plaintiff has failed to prove negligence on the part of the cab driver. It is true that a carrier of passengers is held to the highest degree of care, but there must be some negligence shown to render the carrier liable. The preponderance of the testimony shows that neither the cab driver nor the passenger Davis knew that plaintiff was about to enter the cab. If there was any negligence on the part of the cab driver it was his failure to see plaintiff as he approached the cab behind Davis, and if it is assumed that his failure to see him was negligence, such negligence was not the proximate cause of the accident.
[2, 3] The proximate cause of the accident was the act of the passenger Davis in slamming the door of the cab on plaintiff's hand. The cab driver was in no position to prevent this act on the part of Davis and had no reason to believe that Davis would slam the door on a person's hand. It is the duty of a carrier to prevent a passenger from injuring another passenger if the danger is apparent and could be prevented by the exercise of proper care. But in this case there was no apparent danger from any act of Davis which the cab driver could have anticipated and prevented. According to plaintiff's own testimony, he approached the cab directly behind Davis, and Davis opened the front door and entered the cab and immediately closed the door behind him. Had the cab driver seen all of these movements of both Davis and the plaintiff, he could not have anticipated that plaintiff would put his hand on the door frame, nor could he have reasonably expected that Davis would close the door on plaintiff's hand.
Finding no negligence on the part of the cab driver, it is unnecessary to consider the question of whether or not plaintiff was guilty of contributory negligence.
For the reasons assigned, the judgment appealed from is hereby affirmed. *Page 374